IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VANLINER INSURANCE COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:12-CV-5074-D |
| VS. § | |
| § | |
| GREG AND MARTINA § | |
| DERMARGOSIAN, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this insurance coverage declaratory judgment action brought by plaintiff Vanliner Insurance Company ("Vanliner"), defendants Greg and Martina DerMargosian (collectively "the DerMargosians," unless the context otherwise requires) move to quash service of process and to dismiss this case under Fed. R. Civ. P. 12(b)(2), (4), and (5). Because there are factual disputes affecting whether service is valid, the court directs that an evidentiary hearing be convened.[1]

The DerMargosians contend that they have not been served with the summons and complaint, and they move to dismiss. Vanliner maintains that it properly served the DerMargosians under Rule 4(e)(1) and California law that governs substitute service. Rule

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

4(e)(1) provides that service can be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state . . . where service is made." Vanliner attempted to serve the DerMargosians in California, where they reside. The relevant California law governing substitute service provides:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode . . . or usual mailing address . . . in the presence of a competent member of the household or a person apparently in charge of his or her . . . usual mailing address . . ., at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(b) (West 2007). The reasonable diligence requirement is ordinarily fully satisfied by "two or three attempts at personal service at a proper place." *Hearn v. Howard*, 177 Cal. App. 4th 1193, 1202 (2009) (citation omitted); *see also Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 613 (C.D. Cal. 1995) (applying California law). "Statutes governing substitute service shall be liberally construed to effectuate service and uphold jurisdiction *if actual notice has been received by the defendant*." *Hearn*, 177 Cal. App. 4th at 1201 (emphasis added) (citation omitted). "The serving party bears the burden of proving the validity of service or good cause for failure to timely serve." *Byers v. Navarro Cnty.*, 2011 WL 4471024, at *1 (N.D. Tex. Sept. 27, 2011) (Fitzwater, C.J.) (citing *Lisson v. ING GROEP N.V.*, 262 Fed. Appx. 567, 569 (5th Cir. 2007) (per curiam)).

Vanliner retained a process server, Arturo Chayra ("Chayra"). According to Chayra's affidavit, he attempted to personally serve the DerMargosians at their residence three times over a span of two weeks in March 2013. Chayra confirmed with neighbors that the DerMargosians resided at that address. On April 1, 2013 Chayra returned to the residence and an adult female answered the door. She refused to give her name or deny that she was Martina DerMargosian. Chayra handed her the papers and advised her that he was serving the DerMargosians with summonses and copies of the complaint. The female accepted the papers. Chayra also avers that he mailed copies of the summons and complaint to the residence.

The DerMargosians challenge Chayra's averment that an adult female answered the door. Martina avers that on April 1, 2013 she was not served with process or given any documents related to a lawsuit, and that "[n]o other adult female person was at my residence at any time on that date." Ds. Reply App. 5. Martina states that only she and her young daughter were at the residence. She also avers that she did not recall ever seeing mail from a person named "Arturo Chayra." The DerMargosians contend that Chayra's affidavit is factually incorrect and probably fabricated.

The DerMargosians therefore challenge two elements required for substitute service under § 415.20(b): that Chayra served either the DerMargosians personally or an adult member of the household or person apparently in charge at the DerMargosians' usual mailing

address; and that the summons and complaint were thereafter mailed to that address.[2] Because these material facts are disputed and they turn on witness credibility,[3] the court will convene an evidentiary hearing at which Vanliner must meet its burden of proving that service was valid.

Accordingly, the court sets the evidentiary hearing on Friday, August 16, 2013 at 11:00 a.m. The court recognizes that it may be less expensive for Vanliner to attempt to effect service anew rather than incur the expense of bringing a witness to Texas for the hearing. If it chooses this option, it may advise the court in writing and the court will grant the DerMargosians' motion to quash service under Rule 12(b)(2) and (5), deny without prejudice the motion under Rule 12(b)(4), and permit Vanliner additional time to effect proper service.

---

[2] There also appears to be a discrepancy regarding the timing of Chayra's handing the papers to the unidentified female and his mailing the copy of the summons and complaint. Section 415.20(b) provides that service is to be mailed *after* the summons and complaint are left at the proper address, and that service is deemed complete on the tenth day after mailing. Chayra avers that he handed the papers to the unidentified female on April 1, but the return receipt included in Vanliner's appendix shows a mailing to the DerMargosians on March 30, 2013.

[3] This court routinely decides motions on the papers, as permitted by Rule 43(c), but it does not do so when a controlling credibility question is presented.

The court notes that the DerMargosians need not appear in person at the hearing if they do not wish to present their own testimony. By appearing at the hearing through counsel, the DerMargosians do not waive any of the grounds of their motion.

**SO ORDERED**.

July 2, 2013.

　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　　　　CHIEF JUDGE