IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VANLINER INSURANCE COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:12-CV-5074-D |
| VS. § | |
| § | |
| GREG DERMARGOSIAN, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this declaratory judgment action, an insurer seeks a declaration that it does not owe its insured a duty to defend or indemnify, naming as defendants its insured and the two plaintiffs who have sued its insured in the underlying state court action. The two state court plaintiffs each move to dismiss under Fed. R. Civ. P. 12(b)(1) and (6). For the following reasons, the court denies the motions.

I

Plaintiff Vanliner Insurance Company ("Vanliner") insures defendant Arpin America Moving Systems, LLC ("Arpin") under a commercial general liability insurance policy. Defendants Greg DerMargosian ("Greg") and Martina DerMargosian ("Martina") (collectively, "the DerMargosians") hired Arpin to pack their household items in preparation for a move from Texas to Dubai, U.A.E. The DerMargosians allegedly instructed Arpin regarding which items were to be packed and which were to remain at their residence, to which the DerMargosians intended to return in three years. According to the DerMargosians,

Arpin erroneously packed a pistol, which was shipped by sea to Dubai with their other household goods; shortly after their move, Greg was called to Customs in U.A.E., was arrested, and his passport was seized; and Greg was charged with a crime, incarcerated, and forced to stand trial in U.A.E. The DerMargosians allege that Greg's arrest resulted from the discovery of the pistol.

The DerMargosians filed a lawsuit against Arpin ("the *DerMargosian* lawsuit") in Texas state court[1] alleging claims for negligence, gross negligence, and violation of the Texas Deceptive Trade Practices-Consumer Protection Act and seeking compensatory and punitive damages. Vanliner then filed the instant declaratory judgment action against Arpin and the DerMargosians seeking a declaration that it has no duty to defend or indemnify Arpin in the *DerMargosian* lawsuit because the DerMargosians' claims do not meet the terms of the policy's insuring agreements. The DerMargosians have filed nearly identical motions to dismiss the claims against them.[2] They argue that, because they have neither sued nor entered into a contract with Vanliner, they are not otherwise in privity with Vanliner, and they do not possess a judgment or settlement that can be enforced against Vanliner, they are not proper parties to this lawsuit. The DerMargosians seek dismissal of Vanliner's claims

---

[1]Arpin removed the *DerMargosian* lawsuit to this court, but the case was remanded because the removal was untimely. *See DerMargosian v. Arpin Am. Moving Sys., LLC*, 2013 WL 787091, at *2 (N.D. Tex. Mar. 4, 2013) (Fitzwater, C.J.).

[2]Greg and Martina have filed separate motions to dismiss, supported by separate appendixes, and separate reply briefs. Because the contents of these documents are nearly identical, the court will refer to and cite their briefs as if they were single documents.

under Rule 12(b)(6), contending that Vanliner has failed to state a claim on which relief can be granted, and under Rule 12(b)(1), asserting that the court lacks subject matter jurisdiction. Vanliner opposes the motions.

II

The DerMargosians argue that the claims against them should be dismissed under both Rule 12(b)(6) and 12(b)(1) because there is no actual controversy between the parties. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

A

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman*, 138 F.3d at 151.

Because the DerMargosians' motions to dismiss ask the court to consider the contents of their affidavits, the challenge is factual rather than facial. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981) ("If a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits,

testimony, or other evidentiary materials."). In a factual challenge, the "court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. May 1981). Further, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* As the party seeking to invoke jurisdiction, plaintiff has the burden of establishing jurisdiction. It is "required to submit facts through some evidentiary method and ha[ve] the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson*, 644 F.2d at 523; *see also New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

B

Vanliner brings this action under the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201, 2202. Under the DJA, a federal court may "declare the rights and other legal relations" of parties in "a case of actual controversy." 28 U.S.C. § 2201. The controversy must be "of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts." *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 325 (1936). "Th[e Fifth C]ircuit interprets the § 2201 'case of actual controversy' requirement to be conterminous with Article III's 'case or controversy' requirement." *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006) (per curiam); *see also Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) ("The 'actual controversy' required under 28 U.S.C. § 2201(a) 'is identical to the meaning of "case or controversy" for the purposes of Article III.'" (quoting *Lawson v. Callahan*, 111 F.3d 403,

405 (5th Cir. 1997))).

In *Klein v. O'Neal, Inc.*, 2009 WL 3573849, at *3 (N.D. Tex. Oct. 30, 2009) (Fitzwater, C.J.), this court held that "[a] declaratory judgment action among an insurer, an insured, and a plaintiff in a pending lawsuit against the insured constitutes a 'controversy' within the meaning of the DJA and Article III of the Constitution." *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 272-74 (1941)). "Merely satisfying the minimum standards of Article III, however, does not entitle a party to a declaratory judgment." *Id.* "In a diversity case, where the claims are based on state law, the relief sought must be available under state law." *Id.*; *see also Westport Ins. Corp. v. Atchley, Russell, Waldrop & Hlavinka, L.L.P.*, 267 F.Supp.2d 601, 630 (E.D. Tex. 2003) ("[S]ince a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State, it cannot afford recovery if the right to recover is made unavailable by the State."). Accordingly, the court must determine whether, under Texas law, an insurer is permitted to maintain a prejudgment declaratory action against its insured and the parties suing the insured to determine the insurer's duty to defend and indemnify the insured. *See Standard Fire Ins. Co. v. Sassin*, 894 F. Supp. 1023, 1026 (N.D. Tex. 1995) (Sanders, J.) (holding that "courts faced with declaratory judgment actions involving insurers and tort plaintiffs have acknowledged that state law, by defining the substantive rights of the parties, plays a large role in determining whether a case or controversy exists.").

III

A

The DerMargosians argue that Vanliner does not plead that it was ever in privity of contract with them or that it sold any insurance policy to them or that it claims to have any debt or obligation to them.  They attach the Arpin policy and argue that there is no indication that the DerMargosians were ever a party to it.  The DerMargosians further posit that there is nothing in the state court petition that indicates that they are asserting or bringing any claim against Vanliner, and that Vanliner is not a party to the *DerMargosian* lawsuit.  They argue that a review of Vanliner's complaint in this declaratory judgment action reveals that, although Vanliner is seeking declaratory relief against Arpin, Vanliner does not appear to be seeking relief against them.  The DerMargosians also rely on their affidavits, arguing that they show that they never did business with Vanliner, Vanliner never issued any insurance policy to them, they never sought to buy insurance from Vanliner, and they have never sued or tried to sue Vanliner.  They maintain that Vanliner should not have sued them.

Vanliner contends that the pleadings demonstrate that the DerMargosians have sued Arpin (Vanliner's insured), that they intend to seek a judgment against Arpin, and that Arpin maintains that it is entitled to a defense and indemnity in the *DerMargosian* lawsuit with respect to any judgment or settlement.  Accordingly, Vanliner argues that it is entitled to a ruling regarding whether it is liable under the terms of Arpin's policy for the claims that the DerMargosians assert against Arpin, and, as such, an actual controversy exists among all of the parties to this lawsuit.  Vanliner thus seeks a ruling that will be binding on both Arpin

and the DerMargosians regarding whether it owes a duty to defend and indemnify under the policy.

B

Under Texas law, it is well established that "a party injured by the insured is a third party beneficiary of a liability insurance policy. However, he cannot enforce the policy directly against the insurer until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party." *Klein*, 2009 WL 3573849, at * 3 (quoting *State Farm Cnty. Mut. Ins. Co. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989)) (internal quotation marks omitted). An *insurer*, however, can obtain a prejudgment declaration that it owes no duty to defend its insured in a pending lawsuit and can also obtain a declaration regarding the duty to indemnify "when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 83-84 (Tex. 1997) (emphasis omitted); *see also Nat'l Am. Ins. Co. v. Breaux*, 368 F.Supp.2d 604, 620 (E.D. Tex. 2005) ("[I]t is now settled in Texas that a justiciable controversy exists such that an insurer's duty to indemnify an insured may be determined before a judgment is obtained in the underlying lawsuit.").[3] In addition, "under Texas law, a declaratory judgment action brought by an insurer is binding upon a third-party beneficiary

---

[3] In *Klein* this court explained the *Griffin* holding as follows: "[s]tated in common parlance, the *Griffin* exception allows only a *one-directional* determination: the action must be brought by the insurer seeking a declaratory judgment that it has no duty to indemnify." *Klein*, 2009 WL 3573849, at *4.

- 7 -

to a liability insurance policy if properly joined as a party to such action." *Breaux*, 368 F.Supp.2d at 620 (citing *State Farm Fire & Cas. Co. v. Fullerton*, 118 F.3d 374, 385 n.6 (5th Cir. 1997); *Balog v. State Farm Lloyds*, 2001 WL 997412, at *3 (Tex. App. 2001, no pet.) (not designated for publication)); *see also Balog*, 2001 WL 997412, at *3 (holding, without regard to privity, that trial court's determination that insurer had no duty to indemnify insured was binding upon injured party who had been joined as party to insurer's declaratory judgment action); *Century Sur. Co. v. Hardscape Constr. Specialties, Inc.*, 2006 WL 1948063, at *5 (N.D. Tex. July 13, 2006) (Means, J.) ("This court's determination that [the insurer] does not have a duty to indemnify [its insureds] is binding on [the injured party], as well, due to the derivative nature of its right to recovery.").

Accordingly, the DerMargosians have failed to demonstrate that Vanliner's declaratory action against them should be dismissed. *See, e.g., Breaux*, 368 F.Supp.2d at 619-21 (holding that injured parties were proper parties to lawsuit "because [they] derive their right, if any, to collect insurance proceeds directly from the rights of [the insured]" and thus "they are deemed to be in privity by virtue of their shared legal interest.").

C

The DerMargosians rely on *Klein* to contend that Texas law does not permit a suit by an insurer against a state-court plaintiff where the plaintiff is not in privity with the insurer and does not have a state court judgment or settlement that is enforceable against the insurer. But *Klein* is distinguishable factually. In *Klein* the plaintiffs sought a declaratory judgment that the defendants' insurers had a duty to indemnify in the underlying class action. *Klein*,

2009 WL 3573849, at *1. Making an *Erie* guess, this court held that, because Texas law would not authorize the plaintiffs to seek a declaratory judgment affirmatively establishing that the insurer had a duty to indemnify, the court could not grant the requested relief. *Id.* at *8. Here, the insurer seeks a declaratory judgment regarding both its duty to defend and duty to indemnify, and Texas law expressly permits such an action. *See, e.g., Griffin*, 955 S.W.2d at 83-84.

The DerMargosians' reliance on *Sassin* is similarly misplaced. Unlike here, in *Sassin* although the insurer initially sought a declaratory judgment against both the insured and the injured party, the insurer dropped its claims against the insured, leaving the injured party as the sole defendant. *Sassin*, 894 F. Supp. at 1025. Here, Arpin (the insured) is a party to Vanliner's declaratory judgment action.

The DerMargosians' motions to dismiss under Rule 12(b))(1) are denied.

IV

In the alternative, the DerMargosians seek dismissal under Rule 12(b)(6) for failure to state a claim. They rely, however, on the same argument as they do for dismissal under Rule 12(b)(1): that there is no "case or controversy." Accordingly, for the reasons explained above, the court also denies the DerMargosians' motions to dismiss under Rule 12(b)(6).

* * *

For the reasons explained, the DerMargosians' motions to dismiss under Rules 12(b)(1) and 12(b)(6) are denied.

**SO ORDERED.**

January 13, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 10 -