IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VANLINER INSURANCE COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:12-CV-5074-D |
| VS. § | |
| § | |
| GREG DERMARGOSIAN, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Vanliner Insurance Company ("Vanliner")—the prevailing party in a motion for sanctions brought against it under Fed. R. Civ. P. 11—moves pursuant to Rule 11(c)(2) for an award of attorney's fees against defendants Greg DerMargosian ("Greg") and Martina DerMargosian ("Martina") (collectively, "the DerMargosians"), the parties who brought the motion. For the following reasons, the court grants Vanliner's motion and awards it the sum of $1,066.00 in attorney's fees.

I

Martina and Greg filed separate motions to dismiss Vanliner's complaint pursuant to Rules 12(b)(1) and 12(b)(6). Before the court decided Martina's or Greg's motion, the DerMargosians filed a motion for Rule 11 sanctions against Vanliner. The court denied the motion two days later because the DerMargosians failed to comply with the safe harbor

provision of Rule 11(c)(2).[1]   The DerMargosians then complied with the safe harbor provision and filed an amended motion for sanctions.  They argued that Vanliner's complaint constituted an improper attempt to draw them into the lawsuit and was a form of harassment. The court denied Martina's and Greg's motions to dismiss, *Vanliner Insurance Co. v. DerMargosian*, 2014 WL 113595, at *4 (N.D. Tex. Jan. 13, 2014) (Fitzwater, C.J.), and also denied the DerMargosians' amended motion for sanctions, Jan. 13, 2014 Order at 1.

Vanliner now moves under Rule 11(c)(2) for an award of attorney's fees as the prevailing party in the proceeding regarding the DerMargosians' amended motion for sanctions.  The DerMargosians respond that Vanliner's application does not comply with the procedural provisions of Rule 11(c)(2).  They also argue that the application should be denied because their amended motion for sanctions was reasonable under the circumstances and was not filed in bad faith.

## II

## A

Under Rule 11(c)(2), "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred" for litigating a Rule 11 motion.[2]

---

[1]*See* Rule 11(c)(2) ("The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."); *see also* Rule 11 advisory committee's note (1993 Amendments) (discussing "safe harbor" provision of Rule 11(c)(2)).

[2]Before Rule 11 was amended in 2007, the Rule provided: "If warranted, the court may award to the party prevailing on the [Rule 11] motion the reasonable expenses and

The court's authority to award reasonable expenses under Rule 11(c)(2) is distinct and separate from its authority to award attorney's fees under Rule 11(c)(4).   An award of reasonable expenses under Rule 11(c)(2) is not a sanction for violating Rule 11(b).  *See Boim v. Quranic Literacy Inst.*, 2003 WL 1956132, at *3-4 (N.D. Ill. Apr. 24, 2003) (distinguishing reasonable expenses provision from sanction-based fees provision); *Harman v. City of Univ. Park*, 1997 WL 53120, at *1 & n.1 (N.D. Tex. Feb. 3, 1997) (Boyle, J.) (stating that reasonable expenses award under Rule 11(c)(2) "is available whether or not the original motion for sanctions itself violates Rule 11"); *EEOC v. Tandem Computers Inc.*, 158 F.R.D. 224, 229 (D. Mass. 1994) (same).  Accordingly, a party seeking reasonable expenses pursuant to Rule 11(c)(2) is not required to comply with the procedural requirements of Rule 11(c)(2).  *See Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001) (stating that "[a] party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions"); *Browne v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2006 WL 1506711, at *3 (N.D. Tex. May 31, 2006) (Fish, C.J.) (awarding attorney's fees under Rule 11(c)(2) where party seeking fees did not comply with procedural requirements); *Boim*, 2003 WL 1956132, at *3 (same regarding safe harbor provision); *Jawbone, LLC v. Donohue*, 2002 WL 1424587,

---

attorney's fees incurred in presenting or opposing the motion."  Fed. R. Civ. P. 11(c)(1)(A) (2006) (amended 2007).  The opinions relied on below cite the former version of the Rule, in which the reasonable expenses provision was contained in Rule 11(c)(1)(A).  The 2007 amendments to the Federal Rules of Civil Procedure were "intended to be stylistic only." *See, e.g.,* Rule 11 advisory committee's note (2007 Amendment).  Accordingly, the reasoning of the opinions that cite the prior version of Rule 11 apply with equal force to the Rule as amended.  In summarizing the holdings and reasoning of these opinions, the court will treat references to pre-2007 Rule 11(c)(1)(A) as if they were to Rule 11(c)(2).

at *8 (S.D.N.Y. June 28, 2002) (same regarding safe harbor provision); *Harman*, 1997 WL

53120, at *1 (same regarding separate writing requirement).  The court considering a request

for reasonable expenses pursuant to Rule 11(c)(2) is not required to apply the substantive

requirements of Rule 11(c)(4)-(6) either.  *See Browne*, 2006 WL 1506711, at *3 (awarding

reasonable expenses in the form of attorney's fees because movant failed to comply with safe

harbor provision); *Boim*, 2003 WL 1956132, at *4 (stating that judge simply awarded fees

and costs pursuant to Rule 11(c)(2), and, "[a]s such, neither Plaintiffs nor [the judge] are

required to comply with Rule 11's rules with regard to filing or granting a Motion for

Sanctions").  Instead, the court applies the requirements of Rule 11(c)(2) itself, which

provides that the award of expenses to the prevailing party must be warranted and reasonable.

B

The court concludes that an award of reasonable expenses—in this case, the attorney's

fees that Vanliner incurred in responding to the DerMargosians' amended motion for

sanctions—is warranted.  Not only did Vanliner prevail on the DerMargosians' amended

motion, but the motion was devoid of any good-faith arguments.[3]  And although the

DerMargosians' amended motion need not have been frivolous to warrant a fee award under

Rule 11(c)(2), the fact that it was frivolous informs the court's finding that a fee award is

---

[3]Regrettably, at the same time, the amended motion contains statements that impugn
the character and actions of Vanliner's counsel.

- 4 -

warranted.[4]  Vanliner should not have to bear the expense of paying its lawyers to respond to an amended sanctions motion that should never have been filed.

III

The court is not required to apply the lodestar method to calculate reasonable expenses under Rule 11(c)(2), but in the exercise of its discretion, the court will do so in determining the amount of reasonable expenses that should be awarded in this case.  *Cf. Harman*, 1997 WL 53120, at *2 (applying lodestar method to determine reasonable expenses under Rule 11(c)(2)).

Vanliner presents the affidavit of its counsel and billing records showing that its counsel expended a total of 5.2 hours responding to the DerMargosians' amended motion for sanctions.  After reviewing the affidavit and billing records, and in the absence of any opposition response on this issue, the court finds that this expenditure of time was reasonable.  Vanliner requests that its attorney be compensated at an hourly rate of $205.00.  Given the attorney's level of experience (she was licensed in Oklahoma in 1998 and in Texas in 2001) and the relevant prevailing rates, the court, as an expert on the reasonableness of attorney's fees,[5] finds that this hourly rate is not only reasonable, but that it is lower than

---

[4]The DerMargosians' opposition arguments—which are based on the mistaken premise that a motion for reasonable expenses under Rule 11(c)(2) should be decided using the standards applicable to a motion for fees under Rule 11(c)(4)—are irrelevant to the court's consideration of Vanliner's application.

[5]*See, e.g., Gromer v. Mack*, 2012 WL 28835, at *2 (N.D. Tex. Jan. 4, 2012) (Fitzwater, C.J.) (collecting cases holding that courts are experts regarding reasonableness of attorney's fees).

what is customarily charged in this locality for similar legal services by an attorney of comparable experience. The court will therefore use this rate in calculating the lodestar.

The lodestar award is $1,066.00, the same amount that Vanliner requests in its motion. There is a "strong presumption that the lodestar award is the reasonable fee." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999). Nevertheless, "the court must consider whether the lodestar amount should be adjusted upward or downward, depending on the circumstances of the case and after addressing the *Johnson* factors." *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 2185193, at * 1 (N.D. Tex. May 27, 2008) (Fitzwater, C.J.) (internal quotation marks omitted). Based on its application of the pertinent *Johnson* factors, *see id.* at *1 n.2, the court holds that the lodestar amount is reasonable and should not be adjusted.[6] Accordingly, the court awards Vanliner $1,066.00 in reasonable expenses.

---

[6]District courts "need not specifically discuss the *Johnson* factors where [they have] applied the *Johnson* framework." *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 473 (5th Cir. 2009). Because the DerMargosians do not oppose the specific amounts of fees requested by Vanliner, the court does not discuss the applicable factors individually.

\* \* \*

For the foregoing reasons, the court grants Vanliner's application for attorney's fees. The court awards Vanliner the sum of $1,066.00 in attorney's fees ($205.00 x 5.2 hours) against the DerMargosians. This award must be paid within 30 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

April 24, 2014.

SIDNEY A. FITZWATER
CHIEF JUDGE